UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BERNADETTE LEE HARRIS, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| vs. ) | 1:15-cv-00928-RLY-MJD |
| ) | |
| DEUTSCHE BANK NATIONAL TRUST ) | |
| COMPANY, as Trustee, in trust for the ) | |
| registered holders of Morgan Stanley ABS ) | |
| Capital I Inc. Trust 2004-HE9, Mortgage ) | |
| Pass-Through Certificates, Series 2008- ) | |
| HE9, ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |
| ) | |
| IN RE: ) | |
| ) | Bankr. Case No. 14-07383-JMC-13 |
| BERNADETTE LEE HARRIS, ) | |
| ) | |
| Debtor. ) | |

**APPEAL FROM THE UNITED STATES BANKRUPTCY COURT**

Appellant, Bernadette Lee Harris, appeals from a final order entered on June 2, 2015 by the Honorable James M. Carr, of the United States Bankruptcy Court for the Southern District of Indiana, denying her Motion to Alter or Amend Judgment. The Bankruptcy Court concluded that because the amount owed by Harris to Appellee, Deutsche Bank, was conclusively decided in a state court foreclosure action, Harris was precluded from re-litigating that issue in federal bankruptcy proceedings. For the reasons set forth below, the court **AFFIRMS** the decision of the Bankruptcy Court.

1

**I. Statement of Facts**[1]

    **A. The State Court Foreclosure Action**

Deutsche Bank holds a first priority mortgage (the "Mortgage") in property owned by Harris, located at 3148 Cluster Pine Drive, Indianapolis, Indiana 46235 (the "Property"). (Filing No. 8-1, Appellee's Appendix ("App.") 26-44).[2] The Mortgage secures and collateralizes a promissory note executed by Harris in the principal amount of $101,760.00 (the "Note"). (*Id.* 18-25).

Harris defaulted on the Note and Mortgage, and on February 13, 2013, Deutsche Bank filed a foreclosure action in the Marion Circuit Court, Cause No. 49C01-1302-MF-006411 (the "Foreclosure Action"). (*Id.* 96). In the Foreclosure Action, Deutsche Bank filed a Motion for Summary Judgment. (*Id.* 126). Harris filed a response to the motion, in which she argued that Deutsche Bank improperly calculated the amount due by failing to account for payments from a Chapter 13 trustee made in Harris' prior bankruptcy. (*Id.* 113-18). She also argued that a notice sent by Deutsche Bank's servicer regarding

---

[1] Harris' brief violates Federal Rule of Bankruptcy Procedure 8014(a), which sets forth the requirements for an appellant's brief, in several ways. Specifically, Harris' brief does not contain "the basis for the bankruptcy court's subject-matter jurisdiction, with citations to applicable statutory provisions and stating relevant facts establishing jurisdiction," "an assertion that the appeal is from a final judgment, order, or decree," "the applicable standard of appellate review," or "a summary of the argument." Fed. R. Bankr. P. 8014(a). Moreover, Harris' four-sentence "statement of the case" is woefully inadequate in that it fails to provide the court with enough facts to properly understand the issues, procedural history, and ruling being appealed. The court has discretion to dismiss bankruptcy appeals under these circumstances. *See Schmidt v. Badger Mut. Ins. Co.*, No. 14-CV-1225-JPS, 2015 U.S. Dist. LEXIS 42057, at *7 (E.D. Wis. Mar. 31, 2015) ("Numerous courts have found that failure to comply with Rule 8014(a) provides grounds for dismissing a bankruptcy appeal.") (collecting cases). In lieu of dismissing Harris' appeal, the court proceeds as if Harris has admitted Deutsche Bank's "statement of the case."
[2] All citations are to Deutsche Bank's Appendix because Harris failed to file an appendix, as required by Bankruptcy Rule 8018(b)(1).

2

changes in the principal balance and adjustable interest rate on the Mortgage (the "Notice") constituted loan modifications that Deutsche Bank was required to honor. (*Id.*). After a hearing, the Marion Circuit Court granted summary judgment in Deutsche Bank's favor by order dated July 25, 2014 (the "Summary Judgment Order"). (*Id.* 126-29).

The Marion Circuit Court entered a decree of foreclosure authorizing Deutsche Bank to foreclose on the Property, and awarded Deutsche Bank a personal judgment against Harris and an *in rem* judgment against the Property in the total amount, as of February 28, 2014, of $115,072.53, calculated as follows:

| Principal Sum | $92,584.74 |
| Interest from 9/1/11 – 2/28/14 | $15,775.45 |
| Late Charges, Reimbursable Advances, Costs of Collection, etc. | $4,687.34 |
| Attorneys' Fees | $2,025.00 |
| **TOTAL** | **$115,072.53** |

(*Id.* 127). The Summary Judgment Order also noted that Deutsche Bank was entitled to any additional interest, costs of collection, expenses, and advances incurred through the date of the Sheriff's Sale, including sheriff's sale costs, disbursement for real estate taxes, bankruptcy fees and costs, and disbursements for hazard insurance premiums. (*Id.*). Harris did not appeal the Summary Judgment Order.

**B. Harris Filed for Chapter 13 Bankruptcy and Objected to Deutsche Bank's Proof of Claim.**

On August 8, 2014, Harris filed her current Chapter 13 bankruptcy petition. (*Id.* 2). She filed her Amended Chapter 13 Plan on December 2, 2014. (*Id.* 4). On that same

3

day, Deutsche Bank filed a Proof of Claim in the amount of $115,741.02 ("Claim #5"), noting that the pre-petition arrearage on the Note amounted to $29,007.71. (*Id.* 12-53). Harris then filed an Objection to Claim #5 (the "Objection"), contesting Deutsche Bank's calculation of the amount of its claim. (*Id.* 58-60). In her Objection, Harris again argued that Deutsche Bank failed to credit payments made during her prior Chapter 13 bankruptcy. (*Id.*). She further asserted that Deutsche Bank failed to properly calculate interest based on the rate provided in the Notice. (*Id.*).

### C. The Bankruptcy Court Overruled Harris' Objection to Deutsche Bank's Claim #5.

On March 30, 2015, the Bankruptcy Court held a hearing during which counsel for both Harris and Deutsch Bank presented oral argument on Harris' Objection. (*Id.* 4). During the hearing, Judge Carr questioned counsel for Harris about whether the court was barred from recalculating the amount owed to Deutsch Bank:

> THE COURT: It would appear to me just on the face of [the Summary Judgment Order] that your client's already had her day in court on this issue and a Court of competent jurisdiction ruled against her. Now if that's the case I can't go behind that and rule differently can I? How do I do that?
>
> MR. UPANO: I guess you can't, Your Honor . . . .

(*Id.* 87:24-88:4). Counsel for Harris then argued that the Marion Circuit Court erred in arriving at the amount owed to Deutsch Bank because it disregarded the Notice sent by Deutsch Bank's servicer. Judge Carr responded,

> THE COURT: Well then isn't your recourse to appeal this judgment or your recourse was to appeal this judgment but you didn't do that. I'm not at the stage of trying to decide whether you're right or you're wrong, I'm trying to decide whether I have any room to maneuver at this point or whether I'm

4

bound by this judgment. And do you have a legal position that would suggest to me that I'm not bound by this judgment?

MR. UPANO: I guess I don't have a legal position on that.

(*Id.* 88:15-24).

On May 7, 2015, the Bankruptcy Court issued an order overruling Harris' Objection to Claim #5. (*Id.* 95-100). In the order, the Bankruptcy Court recited the elements of collateral estoppel under Indiana law, and then determined that all the elements had been satisfied. Judge Carr wrote,

> The Court concludes that Debtor had a full and fair opportunity to litigate the amount of debt she owes to Deutsche in the State Court Case, and that it is not unfair to her to apply collateral estoppel. The Court simply cannot "go behind" the State Court and allow the parties to re-litigate the issues the State Court already decided.
>
> Because the amount of debt owed by Debtor to Deutsche was decided by the State Court, the Court will give preclusive effect to the amount of the judgment awarded to Deutsche in the Judgment Entry.

(*Id.* 99).

### D. Harris First Moved for the Bankruptcy Court to Amend its Order, and then Appealed.

On May 20, 2015, Harris filed a Motion to Alter or Amend Judgment. (*Id.* 101-04). On June 2, 2015, the Bankruptcy Court denied Harris' motion, and it is from this order that Harris now appeals. (*Id.* 105-06).

## II. Standard of Review

A district court reviews a bankruptcy court's conclusions of law *de novo* and its findings of fact for clear error. *Bulk Petroleum Corp. v. Ky. Dept. of Revenue (In re Bulk Petroleum Corp.)*, 796 F.3d 667, 672 (7th Cir. 2015). *De novo* review requires the court

5

to re-examine the matter "with a fresh set of eyes," *Cerabio LLC v. Wright Med. Tech., Inc.*, 410 F.3d 981, 987 (7th Cir. 2005), and make "an independent judgment of the issues." *Moody v. Amoco Oil Co.*, 734 F.2d 1200, 1210 (7th Cir. 1984).

## III. Discussion

Harris presents only one issue on appeal, which the court restates as follows: whether the Bankruptcy Court erred in holding that Harris is precluded from re-litigating the amount of her debt to Deutsche Bank. Finding no error, the court affirms.

It is well established that "the Full Faith and Credit Act, 28 U.S.C. § 1738, 'requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged.'" *Walczak v. Chi. Bd. of Educ.*, 739 F.3d 1013, 1016 (7th Cir. 2014) (quoting *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 466 (1982)). The Act also "directs courts to apply the 'law or usage in the courts' of the rendering state in analyzing the preclusive effect of state-court judgments." *Duff v. Cent. Sleep Diagnostics, LLC*, 801 F.3d 833, 842 (7th Cir. 2015) (quoting 28 U.S.C. § 1738). In other words, the law of the state where the original action was decided "determines the extent to which the state court decision should be given preclusive effect." *Gambino v. Koonce*, 757 F.3d 604, 608 (7th Cir. 2014). Whereas the state court judgment invoked by Deutsche Bank was issued by the Marion Circuit Court, Indiana preclusion law applies.

The Bankruptcy Court overruled Harris' Objection and denied her Motion to Alter or Amend Judgment based upon the doctrine of collateral estoppel. Collateral estoppel, also known as issue preclusion, "bars subsequent relitigation of the same fact or issue

6

where that fact or issue was necessarily adjudicated in a former lawsuit and that same fact or issue is presented in a subsequent suit." *Thrasher Buschmann & Voelkel, P.C. v. Adpoint, Inc.*, 24 N.E.3d 487, 494 (Ind. Ct. App. 2015). "Even if the two actions are not on identical claims, collateral estoppel deems that the former adjudication will be conclusive in the subsequent action." *Weinreb v. Mae*, 993 N.E.2d 223, 230 (Ind. Ct. App. 2013).

In Indiana, a court may only apply the doctrine of collateral estoppel upon a showing of three elements: "(1) a final judgment on the merits in a court of competent jurisdiction; (2) identity of the issues; and (3) the party to be estopped was a party or the privity of a party in the prior action." *Nat'l Wine & Spirits, Inc. v. Ernst & Young, LLP*, 976 N.E.2d 699, 704 (Ind. 2012). Because this is a "defensive use of collateral estoppel,"[3] the court must also consider two additional factors: "whether the party against whom the judgment is pled had a full and fair opportunity to litigate the issue, and whether it would be otherwise unfair under the circumstances to permit the use of collateral estoppel." *Id.*

Harris only appears to contest the Bankruptcy Court's analysis regarding the second element and the two factors. That is, Harris contends: (a) there is not an identity

---

[3] "Collateral estoppel has been divided into two categories: offensive collateral estoppel and defensive collateral estoppel." *Microvote Gen. Corp. v. Ind. Election Comm'n*, 924 N.E.2d 184, 198 (Ind. Ct. App. 2010). Offensive collateral estoppel applies when "the plaintiff seeks to foreclose the defendant from litigating an issue the defendant had previously litigated unsuccessfully in an action with another party." *Id.* Defensive collateral estoppel is just the opposite, as it applies when "defendant seeks to prevent a plaintiff from asserting a claim which the plaintiff had previously litigated and lost." *Id.*

7

of the issues between the Marion Circuit Court and the Bankruptcy Court; (b) she did not have a full and fair opportunity to litigate this issue before the Marion Circuit Court; and (c) it would be unfair to permit the use of collateral estoppel under these circumstances. There is no dispute that the Summary Judgment Order was a final judgment on the merits, the Marion Circuit Court was a court of competent jurisdiction, or that Harris was a party to the Foreclosure Action.

Regarding the second element, Harris offers a unique framing of the two cases. She contends that the issue in the Foreclosure Action was simply whether or not she had made timely mortgage payments. In contrast, the issue before the Bankruptcy Court is the proper amount of Deutsche Bank's claim. The court disagrees. The record leaves no doubt that the amount owed to Deutsche Bank was an issue in the Foreclosure Action. Indeed, the Marion Circuit Court necessarily had to determine the amount owed to Deutsche Bank before it could enter a decree of foreclosure. Furthermore, the amount was actually litigated by the parties. Harris argued to the Marion Circuit Court, via her brief opposing the motion for summary judgment, that Deutsche Bank's calculation of her debt was incorrect because Deutsche Bank failed to credit payments made by the trustee in Harris' prior Chapter 13 bankruptcy case. (App. 115-17). She also asserted that the amount sought by Deutsche Bank did not comport with the Notice issued by its servicer. (*Id.* 114-17).

Harris advanced these same arguments to the Bankruptcy Court in her Objection to Claim #5 and Motion to Alter or Amend Judgment. (*Id.* 58-59, 102-03). Thus, in both the Foreclosure Action and the bankruptcy proceedings below, Harris directly disputed

8

Deutsche Bank's calculation of her debt. The court therefore finds that there is an identity of the issues between the two cases.

The court further finds that the two factors identified in *National Wine & Spirits* support the application of collateral estoppel in this case. First, Harris did have a full and fair opportunity to litigate the amount owed to Deutsche Bank before the Marion Circuit Court. Indeed, she actually raised the issue to the court in her brief opposing Deutsche Bank's summary judgment motion. Second, it is not unfair to permit the use of collateral estoppel under these circumstances. If Harris felt that the Marion Circuit Court erred by disregarding her arguments or miscalculating an amount, she could have sought review by the Indiana Court of Appeals. For whatever reason, she chose not to do that.

The court therefore holds that the requirements for collateral estoppel have been met. The bankruptcy court properly determined that Harris is barred from re-litigating the amount owed to Deutsche Bank. *Accord In re Carpenter*, 331 B.R. 529, 533 (Bankr. D. Conn. 2005) ("The court concludes that the total mortgage debt determined by the state court is binding in this federal court proceeding. . . . Accordingly, the debtor may not relitigate the total mortgage indebtedness determined by the state court in the foreclosure judgment."); *In re Mr. Movies, Inc.*, 287 B.R. 178, 185 (Bankr. D. Minn. 2002) ("The state court judgment determined the principal amount of the judgment to be $ 690,239.59 . . . . The Committee and Debtor, whether under issue preclusion, claim preclusion, or *Rooker-Feldman*, may not challenge these facts as established by the judgment.").

Harris also argues that the Bankruptcy Court's holding runs afoul of 11 U.S.C. § 506(a)(1), which provides that a creditor's claim in bankruptcy is secured only to the extent of the value of the collateral supporting the claim. However, as Deutsche Bank notes, Harris failed to raise this argument below. It is therefore waived. *See Busson-Sokolik v. Milwaukee Sch. of Eng'g (In re Busson-Sokolik)*, 635 F.3d 261, 268 (7th Cir. 2011) ("[W]hen an issue was not raised in the bankruptcy court, a finding that the issue is waived at the district court level is the correct result, since to find otherwise would permit a litigant simply to bypass the bankruptcy court.") (citations and quotation marks omitted); *Reeves v. Davis (In re Davis)*, 638 F.3d 549, 555 (7th Cir. 2011) (concluding that issues not raised in the bankruptcy court are waived at the district court level).

**IV. Conclusion**

The decision of the United States Bankruptcy Court for the Southern District of Indiana denying Bernadette Lee Harris' Motion to Alter or Amend Judgment is **AFFIRMED**.

**SO ORDERED** this 8th day of February 2016.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.